UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHOSHANA SMITH,
INDIVIDUALLY AND BEHALF OF
ALL OTHERS SIMILARLY
SITUATED, *et al.*,

    Plaintiffs,

v.

LUMIO HX, INC., ATLANTIC KEY
ENERGY, LLC, FIFTH THIRD
BANK NATIONAL ASSOCIATION,
and DIVIDEND FINANCE,

    Defendants,

Case No. 2:23-CV-00849-SPC-KCD

## ORDER

Plaintiffs are homeowners who had solar panels installed by Defendant Lumio HX, Inc., or its predecessor Defendant Atlantic Key Energy, LLC. (Doc. 57.)[1] According to the current complaint, Plaintiffs were "duped into signing expensive solar contracts under the belief that they would be saving money on their monthly energy costs. [But] [r]ather than saving money, [they] are left with malfunctioning equipment, hefty bills, leaky roofs, and property damage." (*Id.* ¶ 18.)

Apart from the solar companies, the complaint also names Fifth Third Bank and Dividend Finance. (*See* Doc. 57.) These defendants allegedly

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

"aided" the fraudulent scheme by "providing loans for home solar energy systems." (*Id.* ¶ 15.) The only claim against them is for "derivative liability . . . under the Holder Rule." (*Id.* ¶ 315)

Lumio recently filed for bankruptcy. So under 11 U.S.C. § 362, the Court stayed the case as to Lumio. (Doc. 97.) The lender defendants now move to "exten[d] the current stay . . . to include proceedings in this action [against them] as well." (Doc. 100 at 1-2.) No opposition was filed, and the time to do so passed. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A decision to stay is left to the discretion of the district court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).

After considering the arguments offered, the Court agrees that a stay of the entire case is appropriate. First, as the lender defendants point out, they have an indemnity agreement with Lumio. (Doc. 100 at 5.) "Faced with such circumstances, federal courts have extended the [bankruptcy] stay's protections to non-debtors who would be entitled to indemnity from the debtor in the event of a judgment against them." *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, No. CIV. A. 09-0249-WS-N, 2009 WL

2

2413664, at *2 (S.D. Ala. Aug. 3, 2009). This makes sense since "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Nat'l Indem. Co. of the S. v. MA Alternative Transp. Servs., Inc.*, No. 6:19-CV-13-ORL-37LRH, 2019 WL 1559897, at *1 (M.D. Fla. Mar. 26, 2019).

In any event, judicial economy independently favors a stay. On its current procedural track, the case will proceed against the lender defendants while the claims against Lumio remain stayed. This means the Court must proceed through discovery (and possibly trial) and then repeat the process for Lumio. Such an approach would be extraordinarily inefficient, setting the stage for duplicative trials on derivative claims. Redundancies of effort would be large and inevitable, and litigation costs for both sides would be increased substantially. And since the lender defendants' liability is derivative of Lumio, there would be a non-trivial risk of inconsistent judgments. By contrast, there is no discernable prejudice to Plaintiffs from staying the case to litigate the claims together. Finally, piecemeal adjudication makes little sense considering there is "a pending petition" to "consolidate this case into [an existing multidistrict litigation.]" (Doc. 100 at 4, 9); *see Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1276 (S.D. Fla. 2022) (staying case pending decision on transfer into MDL to avoid "the possibility of inconsistent rulings and duplicative litigation").

For these reasons, it is **ORDERED**:[2]

1. Defendants' Motion to Extend Bankruptcy Stay of Proceedings (Doc. 100) is **GRANTED**;

2. This case is stayed in its entirety, and all existing deadlines are suspended pending further order from the Court;

3. Defendants are directed to file a status report by January 3, 2025, and every 90 days thereafter, on the pending motion to consolidate this case into the MDL.

**ENTERED** in Fort Myers, Florida on October 22, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[2] "A request for a stay of proceedings is a non-dispositive matter, subject to adjudication by a federal magistrate judge." *Delta Frangible Ammunition, LLC v. Sinterfire, Inc.*, No. CIV.A. 06-1477, 2008 WL 4540394, at *1 n.1 (W.D. Pa. Oct. 7, 2008); *see also Bufkin v. Scottrade, Inc.*, No. 2:17-CV-281-FTM-29CM, 2017 WL 7360419, at *1 (M.D. Fla. Dec. 18, 2017) ("The Court finds that the magistrate judge had the authority to issue the Order to stay discovery[.]").